IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 03 2013

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| MARY BELLE WATTS, | ) |
| Plaintiff, | ) |
| v. | )  4:13 cv 334 JLH |
| PENTAGROUP FINANCIAL, LLC., | ) |
| Defendant. | )  This case assigned to District Judge Holmes and to Magistrate Judge Young |

COMPLAINT

NOW COMES the Plaintiff, MARY BELLE WATTS, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, PENTAGROUP FINANCIAL, LLC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. MARY BELLE WATTS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Benton, County of Saline, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt originally allegedly owed by Plaintiff to Toyota Financial Services (hereinafter, "the Debt").

1

6. The debt that Plaintiff allegedly owed Toyota Financial Services was for a auto loan, which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. PENTAGROUP FINANCIAL, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is registered as a limited liability company in the State of Texas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In or around December 2012, Defendant initiated a telephone call to Plaintiff at her place of employment.

15. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that her employer does not permit her to accept calls of such nature while she is at work.

16. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant not to call her at her place of employment, because Plaintiff "could get in trouble."

17. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff provided Defendant with her husband's cellular telephone number so that Defendant could contact Plaintiff at an alternate telephone number other than Plaintiff's place of employment.

18. The next day, despite being advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, and despite being cognizant of an alternate telephone number at which it could communicate with Plaintiff relative to the Debt, Defendant proceeded to initiate three (3) telephone calls to Plaintiff at her place of employment.

19. During the course of the aforementioned telephone calls between Plaintiff and Defendant, Plaintiff reiterated to Defendant that she could not accept calls from Defendant at her place of employment, because she could get in trouble for engaging in calls of such nature.

20. Three (3) weeks subsequent to the aforementioned telephone calls between Plaintiff and Defendant, despite being advised that Plaintiff's employer prohibits her from

receiving calls such as those from Defendant, Defendant again initiated a telephone call to Plaintiff at her place of employment.

21. On or about February 5, 2013, despite being advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, Defendant again contacted Plaintiff at her place of employment.

22. During the course of the aforesaid time period, Defendant was cognizant that Plaintiff had unequivocally informed Defendant not to contact her at her place of employment.

23. During the course of the aforesaid time period, Defendant was cognizant of an alternate telephone number at which it could communicate with Plaintiff other than Plaintiff's place of employment.

24. During the course of the aforesaid time period, despite Plaintiff having advised Defendant, on multiple occasions, that her employer did not permit her to receive telephone calls such as those from Defendant, Defendant continued to initiate multiple telephone calls to Plaintiff at her place of employment.

25. During the course of the aforesaid time period, despite Plaintiff having advised Defendant on multiple occasions to cease contacting her at her place of employment, Defendant continued to initiate multiple telephone calls to Plaintiff at her place of employment.

26. In its attempts to collect the debt allegedly owed by Plaintiff to Toyota Financial Services, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3); and

    b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

28. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARY BELLE WATTS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MARY BELLE WATTS**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: May 24, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com